IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANNY W. ELLIOTT, JR.                                                    PLAINTIFF


v.                              CIVIL NO. 24-2141


LELAND DUDEK,[1] Acting Commissioner
Social Security Administration                                           DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Danny W. Elliott, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed the current application for SSI on July 28, 2021, alleging an inability to work due to dyslexia, trouble reading and writing, a learning disorder, and intermittent explosive disorder. (Tr. 63, 168). An administrative telephonic hearing was held on August 10, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 35-61).

By written decision dated December 6, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19).

---

[1] Leland Dudek, has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Specifically, the ALJ found Plaintiff had the following severe impairments: attention deficit hyperactivity disorder (ADHD), disruptive mood dysregulation disorder, somatic symptom disorder, and borderline intellectual functioning. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember, and carry out simple instructions; use judgement to make simple work-related decisions; have occasional interaction with supervisors, coworkers, and the public; and deal with occasional changes in a routine work setting.

(Tr. 21). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a dishwasher, an industrial cleaner, and a hand packager. (Tr. 28).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on September 10, 2024. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ failed to consider the entire record; 2) The ALJ erred in determining Plaintiff did not meet a Listing; and 3) The ALJ erred in determining Plaintiff's RFC. (ECF No. 10). Defendant argues the ALJ properly considered all the evidence, and that the decision is supported by substantial evidence. (ECF No. 12).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform work at all exertional levels but with certain non-exertional limitations, the ALJ considered the medical assessments of the consultative and non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. With each provider assessment, the ALJ stated how persuasive he found each medical opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). As mentioned, the Court will not "reverse merely 'because substantial evidence also exists in the record that would have supported a contrary

outcome, or because [the Court] would have decided the case differently'" *KKC ex rel. Stoner v Colvin*, 818 F.3d 364, 369 (8th Cir. 2016) (citations omitted).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 25th day of April 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE